E-FILED
Friday, 23 June, 2006  09:35:09 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SHERREE DACZEWITZ,<br>Individually and as Administrator<br>of the Estate of Joshua<br>Daczewitz, deceased,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>Defendants. | No.  06-3037 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion to Dismiss (d/e 10) filed by the state Defendants Illinois Department of Corrections (Department) and Menard Correctional Center (Menard); and by the individual Defendants Roger E. Walker Jr., Chris Fleming, Eugene McAdory, Jr., Richard Ferrell and Thomas Mezo (Individual Defendants) (collectively the Moving Defendants).[1]  The Plaintiff Sherree Daczewitz,

---

[1]Defendants Hood, James, Brickman and Fox have not yet entered an appearance in this case and are not parties to this Motion.

1

individually and as the Administrator of the estate of her late son Joshua Daczewitz, filed an eight count Complaint for damages arising from the death of Joshua Daczewitz while he was a prisoner at Menard.  Complaint at Law (d/e 1).  The Moving Defendants move to dismiss all claims against the Department and Menard, the official capacity claims against Walker and McAdory, and all claims against them in Counts I and III-VI of the Complaint.  For the reasons set forth below, the Motion is ALLOWED.

## STATEMENT OF FACTS

The Department operates Menard.  Defendant Walker is the Director of the Department.  Defendant McAdory is the Warden of Menard.  The remainder of the Individual Defendants are correctional officers at Menard. Daczewitz alleges that the Individual Defendants were charged with the responsibility of maintaining Menard.  She alleges that the Individual Defendants were acting within the scope of their employment and under color of law.  She further alleges that they performed their duties by virtue of the statutes, ordinances, regulations, customs and usages of the state of Illinois and the United States.

According to Daczewitz, Joshua Daczewitz and Corey Fox were inmates at Menard in February 2004.  Fox was a convicted murderer and

had been on death row.  Fox advised correctional officers that he was not to have a cell-mate because he would harm any individual placed in his cell. Fox had a security/aggression rating of 95.   Joshua Daczewitz had a security/aggression rating of 11.

On February 21, 2004, Joshua Daczewitz was assigned to be Fox's cell-mate and was placed in Fox's cell.  Joshua Daczewitz and Fox both told one or more of the Individual Defendants, including Ferrell, that Joshua Daczewitz must be removed from Fox's cell or else Fox would harm Joshua Daczewitz.  Ferrell stated that he could not do anything about Joshua Daczewitz being assigned to Fox's cell.  On or about February 26, 2004, Fox told Fleming and other correctional officers that if Joshua Daczewitz was not moved, Fox would kill him.  On February 27, 2004, Fox told one or more of the Individual Defendants, including Fleming, that Joshua Daczewitz should be moved or else Fox would harm him.  Daczewitz alleges that these communications put the Defendants on notice that Joshua Daczewitz's life was in danger.  The Defendants had a duty to protect Joshua Daczewitz from violence at the hands of other prisoners.  Daczewitz alleges that they did nothing.  Daczewitz alleges that they were deliberately indifferent to Joshua Daczewitz's plight.  Daczewitz alleges that on or about

February 28, 2004, Fox murdered Joshua Daczewitz. Daczewitz alleges that the Defendants thereby violated Joshua Daczewitz's Eighth Amendment right against cruel and unusual punishment.

Based on these allegations, Daczewitz asserts eight claims against the Defendants. Count I alleges that the Defendants violated Joshua Daczewitz's civil rights and therefore violated 42 U.S.C. § 1983. Count II alleges that the Defendants violated Joshua Daczewitz's constitutional rights. Counts III and VI assert claims under the Illinois Wrongful Death Act. 740 ILCS 1 80/1. Count IV and V assert claims under the Illinois Survival Statute. 755 ILCS 5/27-6. Counts VII and VIII assert claims against Fox that are not at issue in this Motion. The Moving Defendants move to dismiss all claims against them, except the claims in Count II brought against the Individual Defendants in their individual capacities.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all of Daczewitz's well-pleaded factual allegations and draw all inferences in the light most favorable to Daczewitz. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Daczewitz's Complaint should not be

4

dismissed unless it appears beyond doubt that she can prove no set of facts that would entitle her to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).  When read in the light most favorable to Daczewitz, she can proceed against the Moving Defendants only on the claims in Count II of her Complaint, and only against the Individual Defendants in their individual capacities.

A.    Menard and the Department

Daczewitz asserts claims against Menard and the Department under 42 U.S.C. § 1983 and Illinois law.  Menard and the Department are arms of the state and, as such, are not persons who can be sued for damages under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 62 (1989).  Further, the state law claims against Menard and the Department must be brought in the Illinois Court of Claims and cannot be brought here. 705 ILCS 505/8; Turner v. Miller, 301 F.3d 599, 602 (7th Cir. 2002).  The claims against Menard and the Department are dismissed.

B.    Official Capacity Claims

Daczewitz brings claims against Walker and McAdory in their individual and official capacities.  An action against a state official in his official capacity is an action against the state.  Kentucky v. Graham, 473

U.S. 159, 165-66 (1985).  The official capacity claims, therefore, are dismissed for the same reasons that the claims against Menard and the Department are dismissed.  Daczewitz may only proceed with her claims for damages against the Individual Defendants in their individual capacities.

C.    Count I

Counts I and II both allege claims for damages for violation of Joshua Daczewitz's Eighth Amendment right against cruel and unusual punishment.  The two claims are redundant.  Daczewitz alleges that Count I is brought for a violation of § 1983, but § 1983 only authorizes actions for violations of federal constitutional or statutory rights; § 1983 is not a source of substantive rights.  Graham v. Connor, 490 U.S. 386, 393-94 (1989). Since Counts I and II are redundant, only one of the two claims should proceed.  The Court therefore allows dismissal of Count I.  Daczewitz may proceed with her claim for violation of Joshua Daczewitz's Eighth Amendment right under Count II.

D.    Counts III-VI

The claims in Counts III-VI are brought against Individual Defendants under Illinois law.  The Individual Defendants argue that these claims are barred by Illinois' sovereign immunity statute.  Illinois law bars bringing any

tort actions against the state of Illinois in any court except the Illinois Court of Claims. 705 ILCS 505/8(d).  Federal courts are bound by state immunity rules when considering state law claims.  <u>Magdziak v. Byrd</u>, 96 F.3d 1045, 1048 (7th Cir. 1996).  This immunity bar extends to actions brought against state employees that, effectively, are actions against the state.  <u>Currie v. Lao</u>, 148 Ill.2d 151, 158, 592 N.E.2d 977, 980 (Ill., 1992).

Daczewitz argues that sovereign immunity does not apply if the state employee acted in violation of statutory or constitutional law or in excess of his authority.  <u>Healy v. Vaupel</u>, 133 Ill.2d 295, 308, 549 N.E.2d 1240, 1247 (Ill., 1990).  This exception to sovereign immunity, however, does not apply in actions for damages if: (1) the plaintiff does not claim that the state's agent or employee acted beyond the scope of his authority; (2) the duty allegedly breached was not owed to the public generally independent of the fact of state employment; and (3) the alleged actions involved matters ordinarily within the agent or employee's normal and official state functions. <u>Id.</u>  <u>See</u> <u>Chavez v. Illinois State Police</u>, 27 F.Supp.2d 1053, 1082 (N.D.Ill., 1998).  Daczewitz alleges that the Individual Defendants acted within the scope of their authority under color of law.  She alleges that they had a duty to Joshua Daczewitz that arose because they were employees of

Menard or the Department and Joshua Daczewitz was a prisoner at Menard.  She also alleges that the Individual Defendants' actions involved matters within their normal and official state functions as employees of Menard or the Department.  Daczewitz's claims, therefore, do not fit within the exception to the state sovereign immunity rules.  Her state law claims can only be brought in the Court of Claims.  Counts III-VI are dismissed against the Individual Defendants.

THEREFORE, the Motion Dismiss (d/e 10) is ALLOWED.  The claims against the Illinois Department of Corrections and the Menard Correctional Center are dismissed, and these two Defendants are dismissed as parties to this action.  The official capacity claims against Defendants Roger E. Walker Jr., and Eugene McAdory, Jr., are dismissed.  The Plaintiff may only proceed against these Defendants in their individual capacities.  The claims against Defendants Roger E. Walker Jr., Chris Fleming, Eugene McAdory, Jr., Richard Ferrell and Thomas Mezo in Counts I and III-VI are dismissed.  Daczewitz may proceed with her claim in Count II against these Individual Defendants in their individual capacities.  Defendants Walker, Fleming, McAdory, Ferrell, and Mezo are directed to answer Count II of the Complaint by July 14, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   June 22, 2006.

     FOR THE COURT:

                    _____s/  Jeanne E. Scott_____
                         JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE