IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

SHERREE DACZEWITZ, )
Individually and as Administrator )
of the Estate of Joshua )
Daczewitz, deceased, )
                                                )
            Plaintiff,              )
                                                )
      v.                                        )    No.  06-3037
                                                )
ILLINOIS DEPARTMENT OF )
CORRECTIONS, et al.,       )
                                                )
            Defendant.           )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Sherree Daczewitz's Motion for Reconsideration (d/e 21), and the Motion to Dismiss (d/e 25) filed by Defendants Chad James and John Hood.  Sherree Daczewitz alleges that her son Joshua Daczewitz was murdered in the Menard Correctional Center (Menard) on February 28, 2004.  Plaintiff Sherree Daczewitz, individually and as the Administrator of the Estate of her late son Joshua, filed an eight count Complaint (d/e 1).  Counts I-VI of the Complaint sought damages against the Illinois Department of Corrections

1

(Department), Menard, and Department employees Roger E. Walker Jr., Chris Fleming, Eugene McAdory, Jr., Richard Ferrell, Thomas Mezo, Chad James, and John Hood (the Individual Department Defendants). Counts I and II asserted federal claims, and Counts III-VI asserted supplemental state law claims. Counts VI and VII asserted claims against inmate Corey Fox who allegedly murdered Joshua.

The Department, Menard, Walker, Fleming, McAdory, Jr., Ferrell and Mezo filed a Motion to Dismiss (d/e 10). The Court allowed the Motion, and dismissed all claims against them except the claims in Count II brought against Walker, Fleming, McAdory, Jr., Ferrell and Mezo in their individual capacities. The Court dismissed the claims in Counts III-VI on the grounds that they were barred by the Illinois sovereign immunity statute. Opinion entered June 22, 2006 (d/e 20) (Opinion) at 6-8. Sherree Daczewitz has now asked the Court to reconsider the dismissal of the claims in Counts III-VI.

The Court has reviewed the Complaint. The Plaintiff has alleged that the Defendants acted with deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Complaint, ¶¶ 49, 50, 53, 54. If true, the Defendants may have acted

2

intentionally or recklessly, outside the scope of their authority, and in violation of law, and so, may be subject to personal liability that is not barred by the Illinois sovereign immunity. See <u>Chavez v. Illinois State Police</u>, 27 F.Supp.2d 1053, 1082 (N.D.Ill. 1998); <u>Healy v. Vaupel</u>, 133 Ill.2d 295, 308, 549 N.E.2d 1240, 1247 (Ill. 1990). The Court, therefore, reconsiders its Opinion, and denies Defendants Roger E. Walker, Jr., Chris Fleming, Eugene McAdory, Jr., Richard Ferrell and Thomas Mezo's Motion to Dismiss the claims against them in their individual capacities in Counts III, IV, V, and VI of the Complaint. The Opinion, otherwise, remains unchanged.

The Motion to Dismiss (d/e 25) filed by Defendants Chad James and John Hood is allowed in part. James and Hood had not yet been served when the first Motion to Dismiss was filed. They now have been served and raise the same grounds for dismissal. For the reasons set forth above and in the Opinion, the claims against James and Hood in Count I are dismissed. The Motion is otherwise denied.

THEREFORE, the Plaintiff's Motion for Reconsideration (d/e 21) is ALLOWED. The Court reconsiders its Opinion entered June 22, 2006 (d/e 20), and vacates that portion of the Opinion that dismissed the claims in

Counts III, IV, V, and VI against Defendants Roger E. Walker, Jr., Chris Fleming, Eugene McAdory, Jr., Richard Ferrell and Thomas Mezo in their individual capacities.  The rest of the Opinion remains unchanged and in effect.  The Motion to Dismiss (d/e 25) filed by Defendants Chad James and John Hood is ALLOWED in part.  The claims against them in Count I are dismissed.  The Motion to Dismiss is otherwise denied.  The Individual Department Defendants are directed to answer Counts III, IV, V, and VI of the Complaint by August 25, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   August 3, 2006.

        FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE